RECEIVED
SEP 20 2021
BY MAIL

UNTIED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI

| | |
|---|---|
| VIRGIL HALL, Plaintiff, | Case No. 4:18-cr-944 AGF |
| v. | FREEDOM OF INFORMATION ACT/ PRIVACY ACT PURSUANT TO 5 U.S.C. 552, 552a |
| UNITED STATES OF AMERICA STATE OF UTAH et al. | |

## FREEDOM OF INFORMATION ACT/PRIVACY ACT
## TITLE 5 U.S.C. 552, 552a

Now into the Court Virgil Hall, (Plaintiff herein) pro se, move this Court for the production of records pursuant to the Freedom of Information Act/Privacy Act (FOIA herein) from the named agencies (defendants), but not limited to as follow:

1. United States of America
2. State of Utah
3. Washington County Purgatory Corr. Facility (Purgatory herein)
4. Davis County Jail
5. Iron County Jail
6. Dept. of Justice, Executive Office for United States Attorneys FOIA (DOJ/EOUSA/FOIA herein)

### JURISDICTION

This Court has jurisdiction pursuant to 28 U.S.C. 1331, the district court's shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.

This Court also has jurisdiction pursuant to 5 U.S.C. 552a(g)(1)(D) when angency fails to comply with any other provision of this section or any rule promulgated thereunder is such a way as to have an adverse effect on an individual, the individual may bring a civil action against the agency and the district court of the United States shall have jurisdiction in the matter under the provisions of this subsection.

## BRIEF STATEMENT OF CASE

1. Plaintiff was arrested Nov. 3, 2010 for a DUI and doing the arrest there were drugs and money found in the spare tire of Larry Woods Ford Explorer who took full responsibility for the truck, drugs and money.

2. Come Dec. 8, 2010 the State of Utah dropped all charges against Plaintiff and the public defender for Plaintiff ask the Plaintiff be held due to the Government looking to indict. (unreasonable detention)

3. Dec. 15, 2010 Plaintiff was allegedly indicted. (seven days of unreasonable and delay detention)

4. Dec. 20, 2010 Plaintiff was picked up by DEA agents from Iron County Jail and taken to an alleged arraignment and detention hearing was set for Dec. 21, 2010.

5. June 9, 2011 Plaintiff was found guilty by jury trial and come Nov. 8, 2011 Plaintiff was sentence to 120 months imprisonment and 60 months supervised release.

6. Jan. 3, 2020 Plaintiff's supervise release was revoked and sentence to 3 months imprisonment, doing the hearing Plaintiff ask the Court to show its authority to no avail.

7. April 8, 2021 Plaintiff's supervise release was revoked and sentence to 6 months imprisonment and again Plaintiff ask the Court to show its authority to no avail.

## CONSTITUTIONAL VIOLATIONS

Fourth Amendment-seizure characterized by the intrusive or lengthy nature of the detention
Fifth Amendment-Due Process Clause
Sixth Amendment-Notice and Opportunity to be heard

Ground One: 552a(e)(5)-Named defendants did not assure fairness to Plaintiff when making any determinations about Plaintiff with such accuracy, relevance, timeliness and completeness. See Memorandum in support

Gound Two: 552a(g)(1)(C)-Named defendants did not assure fairness in any determination relating to the qualification, character, rights, or opportunity of, benefits to the Plaintiff that may be made on the basis of such records, and consequently determination is made which is adverse to the Plaintiff. See Memorandum in support

Ground Three: Void Judgment-Plaintiff's due process throughout his criminal procedures has been violated severely rendering the criminal and revoked supervise release judgment void. See Memorandum in support

Pursuant to title 5 U.S.C. Section 552, 552a Plaintiff bring this civil action against named defendants, requesting the access to, the disclosure of, the release of, and the opportunity to inspect the records maintain by the agencies as follow, but not limited to:

(1) Anyrecord written, typed, recorded, rough notes by Larry Woods concerning Plaintiff; (2) the chain of custody of the drugs, Ford Explorer, and the money seized doing the arrest Nov. 3, 2010; (3)The grand jury testimony of the witnesses that testified at trial for the government; (4) All exculpatory evidence that favor the Plaintiff; (5) All Brady/Giglio material that favor Plaintiff; (6)All material concerninga control delivery of the drugs seized Nov. 3, 2010doing the arrest of Plaintiff; (7) All probable cause warrantless arrest filed against Plaintiff and it's hearings; (8)Production of documents, written, typed, electronic version of any and all emails, letters, memos, rough notes and any form of communication with the DEA, U.S. Attorney's Office, State Attorney's Office and Plaintiff's defense counsels concerning Plaintiff; (9) All charges and dates of confinement/detention from all facilities named. See FOIA request from Plaintiff as Exhibit one.

If for any reason any of the material is deemed non-disclosable or non-releasable, please specify the regulatory and statutory exemption relied upon, and state whether the entire document or only a portion thereof, is deemed non-disclosable and furnish the name and title of the person making the decision.

## MEMORANDUM IN SUPPORT

The Privacy Act was promulgated "to regulate the collection, maintenance, use, and dissemination of information by [federal agencies]." Doe v. Chao, 540 U.S. 614, 618, 124 S. Ct. 1204, 157 L.Ed.2d 1122 (2004); 5 U.S.C. 552a(e). The Privacy Act "gives agencies detailed instructions for managing their records and provides for various sorts of civil relief to individuals aggrieved by failures on the Government's part to comply with the requirements." Id. at 618.

Plaintiff seek records from a system of records that originated with the State of Utah being the Utah highway Patrol was the arresting officer. From the original records the State of Utah dropped all charges. The Federal Government joined in and records was disclosed and there has been adverse determinations deeming the records inaccurate, incomplete and untimely.

A Plaintiff seeking damage under the Privacy Act must prove four separate elements: (1) that the agency disclosed information; (2) the information disclosed was a "record" contained within a "system of records;" (3) the agency's disclosure was "willful" and "intentional" as terms have been interpreted under the Privacy Act; and (4) the Plaintiff suffered actual damages. See Barry v. United States Dept. of Justice, 63 F. Supp. 2d 25, 27 (D.D.C. 1999); see also Russo v. United States, 576 F. Supp. 2d at 662, 667 (D.N.J. 2008).

(1) Assistance U.S. Attorney Paul Kohler disclosed information through Plaintiff indictment and docket sheet which is on the public file (PACER). (2) The information disclosed was a "record" contained within a "system of records," the judicial system State of Utah v. Virgil Hall and United States of America v. Virgil Hall. (3) the agency's disclosure was "willful" and "intentional" when the Government took to pro-

secute Plaintiff he obtained the records from the State and deliberately made Plaintiff out to be defendant (1) and Mr. Woods defendant (2) willfully and intentionally showing Plaintiff forfeited the property and money when the record conclusively show the property and money forfeited belong to Mr. Woods. (4) Plaintiff suffered actual damages when the judicial system got the impression that Plaintiff owned and forfeited the property and money, which shows knowingly and intentionally in the charge of possession with intent, obtaining an alleged indictment and having Plaintiff convicted and wrongfully incarcerated.

Even on Plaintiff's newly discovered docket sheet due to the docket sheet Plaintiff been recieving from the court over the years did not have Larry Woods docket entries on it. See Exhibit Two pg. 1 of 23 it shows Plaintiff as defendant (1) pg. 2 shows pending count show 21:841 possession, 18:2 Aiding and Abetting, 21:853 Criminal forfeiture. The Disposition show BOP 120months S/R 60 months, Fine: waived; SPA $100; Forfeiture: 2008 Ford Explorer, VIN 1FMEU74E08UA58439 and $12,390 in U.S. currency. Then Amended Judgment being the first judgment stated I plead guilty like Mr. Woods.

Now pg. 3 show Mr. Woods as defendant (2) Pending count 21:841 possession, 18:2 Aiding and Abetting, 21:853 Criminal forfeiture. Disposition show BOP 70 months, S/R 60 months Fine: no fine imposed, SPA: $100, no show of forfeiture.

Going on to page 13 docket No. 102 Judgment of forfeiture as to Virgil Hall dated 7/6/2011. Continue on pg.13 docket No. 108 dated 8/8/2011 Mr. Woods sentencing show no sign of a foreiture. Also there was no forfeiture hearing that Plaintiff was present at. Page 14 docket No. 109 dated 8/17/2011 Judgment as to Larry Woods show no forfeiture. Same page docket No. 118 dated 11/08/2011 sentencing held as Plaintiff shows forfeiture: Going on to pg. 15 docket No. 119 dated 11/09/2011 judgment as to plaintiff shows forfeiture.

5

This here shows the inaccuracy and incompleteness in the record, giving the impression Plaintiff forfeited property and money like it belong to him. This is disseminting the record damaging Plaintiff's character and rights by not being truthful on the public file and not giving Plaintiff a chance to defend with a forfeiture hearing. When the record states after further investigation the State confirmed the Ford Explorer to be owned by Larry Woods. Also see Plaintiff's affidavit from his 2255 proceeding Exhibit Three 2nd pg. last paragraph, quoting the statements made by Larry Woods all being in the system of records, whereas, Plaintiff reserve the right to supplement the pleadings due to incarceration and other supporting papers is at home.

The State of Utah, being the original agency from which the system of records began Plaintiff need and request the full disclosure they disclosed with to the Government. Plaintiff have claims of the Government falsifying the drugs (evidence) seized doing the arrest Nov. 3, 2010, see exhibit three 1st pg. 2nd para.. This cause Plaintiff to suffer due to the State of Utah and the Government failing to maintain and regulate the collection, maintenace, use and dissemination of information about Plaintiff and his conviction. The cause and prejudice resulted in Plaintiff's character being damaged, violation of his fourth Fifth, and Sixth Amendment, the opportunity of and benefit of the Plaintiff to prove his "actual innocence" with accuracy, relevance, timeliness and completeness that would have reasonably assured fairness to Plaintiff doing alleged grand jury proceedings, alleged arraignment, probable cause warrantless arrest, trial and sentencing. All of this prejudice Plaintiff with wrongful incarceration, a void judgment,

stressful supervised release and more wrongful incarceration, rendering supervised release revoked judgment void.

DUE PROCESS CONCERNING FORFEITURE

The government has the ultimate burden of establishing the forfeitures by a preponderance of the evidence United States v. Smith, 770 F.3d 628,637(7th Cir. 2014). Thus the burden is on the government to prove, by a proponderance of the evidence, the requisite nexus between the property sought to be forfeited and the underlying crime of conviction. United States v Susaeta, 2009 U.S. Dist. Lexis 28179,2009 WL 928657,*2(D. Utah 2009)("the government burden at a forfeiture hearingis to prove, by a proponderance of the evidence, the nexus between the property and the offense,"); Rule 32.2(b)(1)(A)("the court must determine wether the government has established the requisite nexus between the propertyand the offense).

In this case with Plaintiff standing on his "actual innocence" had the government given Plaintiff his due process with a forfeiture hearing, which the court cannot determine wåther the government has established the requisite nexus between the property and the offense, being if a hearing was held it was one sided due to Plaintiff has never attented a forfeiture hearing. Still had there been a hearing the government with accurate and complete records could have proven by a proponderance of the evidence the requisite nexus between the property and the offense. Yet the property sought to be forfeited and the underlying crime of conviction would have been solely on Larry Woods. Who the State of Utah found after further investigation that the truck did belong to Larry Woods and the money was found in his spare tire, and

7

the record conclusively support Larry Woods taking full responsibility for the truck, money and drugs. Proper due process would have Larry Woods on record forfeiting the property and money not Plaintiff, Larry Woods plead guilty, gave consent to search the truck, signed a contract to work with the government and took full responsibility of the possession with intent to distribute placing the requisite nexus between the property, money and the underlying crime of conviction by a preponderance of the evidence solely on Larry Woods. Therefore, failing to give Plaintiff his proper due process with a forfeiture hearing, also violated opportunity to be heard shows cause and prejudice as the State of Utah and the Government violated 552a(g)(1)(C).

The preponderance of the evidence standard also applies to the government's burden to establish the amount of the criminal forfeiture money judgment. United States v. Executive Recycling Inc., 953 F. Supp. 2d 1138,1158(D. Colo. 2013), citing Bader, 678 F.3d 858,893, for the proposition that a forfeiture money judgment must be supported by a preponderance of the evidence. In this case no hearing to properly get a judgmentresulting in due process violation. The government failed to present any evidence at trial about the truck or money and did falsify the drugs supports Plaintiff's lack of knowledge, ownership, and involvement. Cause and prejudice violating due process, misrepresentation of the record, abuse of authority and descretion and wrongful incarceration. A hearing is warranted and it would be a "grave miscarriage of justice" not to grant a hearing.

SECOND NEWLY DISCOVERED EVIDENCE

Plaintiff presents exhibit four from Washington County's Sheriff's

Office (Purgatory herein) Summary Report by date and time with attachments. On this document offense date is 12/20/2010, Statute Federal not 21 U.S.C. 841(a)(1) being this same date 12/20/2010 Plaintiff was allegedly arraigned, then offense description show Federal, Hold/Warrant/Detainer not possession of cocaine with intent ot distribute. Then it show release date 06/07/2011. Doing this time Plaintiff did not know he was on probable cause warrantless arrest, Plaintiff is under the impression he has been charged. See attached pages. Then the Summary Report show Plaintiff returning to Purgatory on 09/07/2011. This is after Plaintiff has been housed at Davis County jail for alleged trial and found guilty. Summary Report show the same as before no statute or description like Plaintiff has not been charged and tried then release date of 11/29/11. All this time in Purgatory was considered warrantless arrest, probable cause.

Going back to exhibit two pg. 5 of 23 finishing on pg. 6 the docket sheet from the United States clerk of court all information was not present on the docket sheet, every time Plaintiff sent for one the co-defendant Larry Woods docket entries was not present. In the docket entry No. 10 it show Plaintiff appeared before the Magistrate Judge on 12/20/2010 and state charging document read, rights and penalties explained.

Now docket entry No. 15 pg. finishing up on pg. 6 show Larry Woods appearing before the Magistrate judge same as Plaintiff, but on Larry Woods it state charging document read, rights and penalties explained. Arraignment as to Larry Donnell Woods (2) Count 1 held on 12/20/2010. The defendant at this time entered a plea of NOT GUILTY. Now Plaintiff

does not have arraignment, no count 1 held, no enter of a plea. This alarms suspicion of Plaintiff being indicted by a grand jury. Which make all proceedings thereafter, void. The judgments as to Plaintiff are void due to violation of the Fifth Amendment Due Process Clause.

Washington County Jail Warrantless Arrest Probable Cause Statement, see exhibit four. On this document that came from FOIA and was not and could not have been presented on prior consideration of motion. This document shows a city official Washington City Fire Division filing this document under oath for a warrantless arrest states that there exist probable cause. Now had a grand jury convened to indict Plaintiff like proper due process require there would be no need for probable cause warrantless arrest. This very document show Court Commitment/ Judge's Hold Narrative Report, Originating Court-U.S. District, Court Case No.-N/A, Offense type-N/A, Arresting and/or Transporting Deputy K Larsen same person of Washington City fire Division, Arrest Location U.S. District Court, Arrest or Custody Date and Time Dec. 20 16:57:46 MST 2010. This is after Plaintiff's alleged arraignment. Still no case No. and no offense type being charges was allegedly read. Had a grand jury convened to indict Plaintiff there would be a case No. and Offense type because this person is taking me into custody from the U.S. Dist. Court and when indicted by a grand jury in the U.S. Dist, Court the government seek detention not state official seeking probable cause warrantless arrest. See 5 U.S.C. 552a(e)(5) and (g)(1)(C).

Unreasonably prolonged warrantless detention invoke settled Fourth Amendment principles. See e.g., Gerstein v. Pugh,420 U.S. 103,114,43 L.Ed.2d 54,95 S. Ct. 854(1975)("the Fourth Amendment requires a

10

judicial determination of probable cause as a prerequisite to extended restraint of liberty following arrest"). Now come 06/07/2011 Washington County Jail did a Release and Hold Harmless Agreement, showing Plaintiff was held frome 12/20/2010 to 06/07/2011 (6 months) before release. Then returning back to Purgatory after alleged trial another probable cause warrantless arrest is filed to detain Plaintiff by C. Aldred at Washington County Corrections on 09/07/2011. Still this detention is on a Federal Hold/Warrant/Detainer no Statute Code, no case No., no offense type. This detention was to 11/29/2011 (2 months). This is over a year of unreasonable and delay detention, due to the government waiting on a guilty plea out of an "actual innocence" man.

    Although the Supreme Court has recently held that detention for less than forty-eight hours may be considered reasonable in general, see County of Riverside v. McLaughlin, 500 U.S. 44, 114 L.Ed.2d 49, 111 S. Ct. 1661, 1670 (1991), a detention for a lesser period may still be unconstitutional "if the arrested individual can prove that his or her probable cause determination was delayed unreasonably. Examples of unreasonable delay are... a delay motivated by ill will against the arrested individual, or a delay for delays sake." Id. Inevaluating the reasonableness of the delay,"courts must allow a substantial degree of flexibility,"Id., giving due consideration to the unavoidable delays resulting from "handling late-night booking where no magistrate is readily available,"Id.

    In this case Plaintiff was in front of the magistrate, still a 7 day detention from Dec. 8 to Dec 15, 2010 when alleged indict was said, then to Dec. 20, 2010 when alleged arraingment. The same day

you have another probable cause warrantless arrest continuance detention filed. This beg the question of why the continuance detention is filed and a detention hearing is set for Dec. 21, 2011. see exhibit two docket entry No. 10. After an arraingment or formally charged, warrantless arrest probable cause is not needed. See exhibit two pg. 5 docket No. 13 dated 12/20/2010 arrest warrant returned executed. The records before us is contradicting themselves, see 552a(e)(5) and (g)(1)(C). Going on and arrest is a form of Fourth Amendment seizure characterized by the intrusive or lengthy nature of the detention. Oliver v. Woods,2009 F.3d 1179,1186(10th Cir. 2000). "[A] false imprisonment ends once the victim becomes held pursuant to [legal] process." Wallace v. Kato,549 U.S. 384,389,127 S. Ct. 1091,166 L.Ed.2d 973(2007)(emphasis omitted). "If there is a false arrest claim, damages for that claim cover the time of detention up until issuance of process or arraignment, but not more." Id. at 390(quotation omitted).""From that point on, any damages recoverable must be based on malicious prosecution claim and on the wrongful use of judicial process rather than detention itself. Id. (quotation omitted). Going back to docket No. 10 begs the question of legal process being Plaintiff minute entry is absent Arraingment, Count 1 held on 12/20/2010 and the plea of NOT GUILTY. Legal process makes a probable cause warrantless arrest frivolous. The State of Utah and the Government was waiting on a guilty plea that never came causing and prejudicing the Plaintiff with the Government to go on with his plan and scheme to convict an "actual innocence" man violating his due process, unreasonable detention and wrongful incarceration. It would be a grave "miscarriage of justice" not to grant a hearing.

Appendix One Initial Appearance Transcript

Now Plaintiff presents the initial appearance, transcript. The transcript show there is no reading of the indictment. The Magistrate judge pg. 3 line 14-17 state "I need to adivise you that you are charged with possessing cocaine with intent to distribute. You are entitled to have an attorney, and if you can't afford one, I will appoint one at no cost. So at this hearing when he read this charge I was without counsel.

Now on the docket sheet pg. 5 docket No. 10 state charging document read, rights and penalties explained. Then pg. 3 line 23 transcript read, "I will make an appointment of an attorney. This show Plaintiff getting an attorney after a charge of possessing cocaine is read to Plaintiff. Exhibit five, Mr. Kohler's declaration and indictment the alleged charging document read, On or about Nov. 3, 2010 in the Central Division of the District of Utah, Virgil Hall and Larry Donnell Woods, defendants herein, did knowingly and intentionally possess with intent to distribute 500 grams or more of a mixture or substance containing a detectable amount of cocaine, a schedule II controlled substance within the meaning of 21 U.S.C. 812, and each did aid and abet the other, in violation of 21 U.S.C. 841(a)(1) and 18 U.S.C. 2 and punishable under 21 U.S.C. 841(b)(1)(B), going on to the second page Notice of Intent to Seek Forfeiture, As a result of committing the felony offense alleged in Count 1 of this indictment, the above named defendants shall forfeit to the United States, pursuant to 21 U.S.C. 853 any and all property, constituting and derived from any proceeds defendants obtained directly or indirectly as a result of the offense and any and all property, real or personal, used or intended to be used in any manner or part to commit and to facilitate the commission of the violation of 21 U.S.C. 841 alleged in this indictment, and any property traceble thereto--including but not limited to the following: A 2008 Ford Explorer

13

(#1FMEU74E08UA58439); and 12,390 cash. Now looking at the transcript the only charge read is possessing cocaine with intent to distribute, not no 500 grams or more, no schedule II controlled substance, no aid and abet the other, no punishable under 21 U.S.C. 841(b)(1)(B) and none of the other statutes that could have given Plaintiff a chance to research the meanings, elements and penalties of the charging document, and page 2 there was no reading of the forfeiture so Plaintiff could have defended himself against forfeiting things that is not his and the owner is the co-defendant. This violated Plaintiff's due process being the charge read was incomplete and inaccurate. Also untimely being the indictment has no evidence of being presented to a grand jury as to Virgil Hall. Then Plaintiff did not enter a plea. Now page 3 ling 24 read Mr. Stout is here and he will represent you. Now I am appointed an attorney another due process violation being an attorney is appointed after an incomplete and inaccurate charge has been read. Going on to finish line 24 and 25 read I need to advise you that you have the right not to make any statements against your own self-interest. Anything you say can be used against you, but anything you say to your attorney is confidential between the two of you, see page 4 ling 1-3. The only right read to the Plaintiff is the right not to make a statement, what about the right to the charges on the charging instrument and the penalties to those charges. More due process violations. Page 4 line 4 the court go right to, is the government seeking detention? Moving on page 4 line 19 to page 5 line 5 the Court set a date for detention hearing, The Court: What about the 22nd, Mr. Stout: Wednesday at noon--or excuse me, at one?, The Court: At one, Mr. Stout: That will be sufficient for us, your Honor. The Court: Will that work for you? Mr. Kohler: yes, Sir. The Court: So we will have a detention hearing in two days. You will remain incarcerated until then. And we will provide you with a copy of the indictment before then. That's it. Here this show

on Dec. 20, 2010 the Court did not read the charge from an indictment and one was not given to me. Plaintiff have supporting papers to support this and will supplement later, due to at sentencing Plaintiff brought to the Court's attention that he have been to trial and now at sentencing and still haven't been given an indictment. This hearing was just a cover up for the probable cause warrantless arrest statement, see exhibit four. This whole proceeding represents fraud on the court and the violation of Plaintiff's due process, not reading all charges to Plaintiff, not explaining rights and penalties to him as to the charges, causing and prejudicing Plaintiff with Fourth Amendment, of unreasonable continuance detention, Fifth Amendment due process not formally charging Plaintiff with completeness and accuracy resulting in an unfair trial, sentencing and post-conviction procedures.

Appendix Two Detention Hearing Transcript

First and foremost, Plaintiff was not present and in custody on Dec. 21, 2010 at a detention hearing, see Appx. one detention hearing was set for Dec. 22, 2010 that never happen see docket sheet. This hearing begs the question of what the Dec. 20, 2010 hearing was really about because Plaintiff was advised of a charge and detention was ordered, see exhibit four probable cause warrantless arrest.

At this hearing it start offwith detention recommendations page 3-8 down to line 22. Then page 8 line 23-25 read, Would you like to have a plea entered today so things keep moving or would you rather have time and schedule arraignment at a later time? Page 9 lines 1-3 Mr. Stout: your Honor, I think we will enter a not guilty plea at this time to the indictment, to the single count charge, and go from there. If this is Plaintiff's arraignment the indictment is still not read and Plaintiff is not present. The docket sheet page 6 docket No. 20 read Plaintiff is present with counsel and in custody. All Plaintiff other entries just states defendant present and in custody, why this one have to state with counsel?

Then it doesn't state arraignment as to Plaintiff, Count 1 held on 12/21/2010,
The defendant at this time entered a plea of Not Guilty. Yet the Appx. Two detention hearing that Plaintiff is not present show counsel entering a plea for Plaintiff on charges he haven't had read to him from an alleged indictment, nor rights and penalties explained. Plaintiff attached a incomplete record from Purgatory showing log event, event type, description, responsible officer and start date. There is no record of Plaintiff out to court on Dec. 21. 2010,. Then Plaintiff is nowhere in the transcript to evidence his presents and again the Dec. 22, 2010 hearing never happen. See 552a(e)(5). This record from Purgatory does not show the start date of 12/20/2010, it just show the release date of 6/7/2011, it do show out to court 4/18/2011, but don't show other out ot court like 3/21/2011 or 4/6/2011. The Appx. two and attached record cause and prejudice Plaintiff with due process violation, counsel pleading to charges Plaintiff have not been read to him from an alleged indictment, nor explained the rights and penalties and asked do I understand. So when counsel entered the plea the Court abused its descretion and assumed Plaintiff understood or Plaintiff was not there for the Court to address him. Now when counsel entered the plea of not guilty he is saying Plaintiff is ready to start defending the charges he know nothing about. The count 1 in the indictment have more than a single charge, see alleged indictment. Due process violation is counsel plead not guilty to possession leaving the other charges unanswered. The attorney cannot enter a plea for me on charges I have notbeen formally read, explained, arraigned on, this is fraud on the court. This cause and prejudice Plaintiff with counsel doing what the Court suggest and entered a plea to keep things moving. The alleged indictment that have never been read to Plaintiff has no evidence of being presented to a grand jury which is why the Court never read the alleged indictment, prejudicing Plaintiff with not knowing what to defend or having a clue of its elements. The Court lack Jurisdiction.

VOID JUDGMENT

The has been clear and obvious inaccurate, incomplete, and untimely records along with due process violations as the misconduct of the Government continues, rending the judgments void.

When an indictment has been submitted to the grand jury by the government attorney it becomes the duty of that body to find it to be a true bill of indictment and so return it to the district court, if at least twelve of the grand jury concur in regarding the evidence presented by the government as making a prima facie case of the offense charged. If the requisite number of grand jurors decline to find the indictment to be a true bill it is to be return as ignored. When the grand jury has found an indictment to be a true bill and has completed its action thereon by returning the indictment, duly endorsed as a true bill by its foreman, to the district court in open session, its function has been fulfilled. United States v. Thompson, 287 F.3d 1244,1251(10th Cir. 2002)(addressing when indictment is "found" for statute of limitations purposes, and quoting United States v. Michael,180 F.2d 55,56(3d Cir. 1949)). See exhibit five Paul Kohler's declaration that he swear the attached indictment is Plaintiff's original indictment. That does not even state TRUE BILL, how Does Plaintiff know it doesn't state igored. The fact is besides all the descrencies Plaintiff has been arguing over the years due to a untrain hand in law, it is about the grand jury itself and whether or not this indictment been submitted to the grand jury.

In re Grand Jury Proceedings, 814 F.2d 61,71(1st Cir. 1987). The court should accept at face value the prosecution's word taht the dominant purpose of the grand jury proceedings is proper, unless there is "indicative sequence of events demonstrating an irregularity." United States v.Raphael, 786 F. Supp. at 358. This approach accords with the presumption of regularity attaching to grand jury proceed-

17

ings and with the prosecution's ethical and legal obligations. See 552a(e)(5) and (g)(1)(C).

ARGUEMENT

First and foremost when the Attorney's office, State and Federal don't respond or don't have records and Washington don't have records how can Plaintiff prove "actual innocence"? This beg the question, where are the records used to convict Plaintiff. When an agency/court cannot maintain accuracy, relevance, timeliness and completeness of the records used to convict, the agency/court cannot maintain a conviction rendering the judgments in this case VOID. No records for Plaintiff, records he have a right to, records that a hearing should have been held on violated Plaintiff's due process, therefore no records no case.

The FOIA is to assure fairness to the individual which records pretain to and guide the record holder accordingly in maintaining and disclosing along with determinations made from and not to be adverse. In this case the State of Utah disclosed records with the Government concerning Plaintiff, who inturn made adverse determinations and abused its authority. Notwithstanding the presumption of regularity, prosecutors do not have carte blanche in grand jury matters. The records used has been turned against Plaintiff due to the Government using them with inaccuracy, nonrelevance, untimely and incompleteness. The Government committed fraud on the court when he misrepresented the forfeiture items to be Plaintiff's by putting on the public recordPlaintiff forfeited said items, but deceitfully got in the indictment forfeiture from the defendants. Then turn around and misrepresent the continuance of statements showing Plaintiff forfeited the property and money while having the entire record that prove and support otherwise proves "willful" and "intentional". In the Government plan and scheme this was the only way the Government could tie the charge of possession with intent to distribute to Plaintiff, being the elements of the charge is knowingly and intentionally, due to the Government not getting a

guilty plea. Other than fraud the record does not support any findings against Plaintiff. The record support Larry Woods taking full responsibility and Plaintiff maintaining his "actual innocence". There is much relief due to the FOIA and void judgment claims when reviewed and see the Government's plan and scheme was directed to corrupt the judicial machinary. Once the Government misrepresented the forfeiture and committed fraud you have due process violations from that point forward.

The docket sheet shows this with the incomplete entry of arraingment and the state officials and their continuance probable cause warrentless arrest, that denied process. Cause and prejudicing Plaintiff with an unfair arraingment, trial sentencing, and post-conviction relief. Any judge in any court can over turn a void judgment. The Government plan and scheme to deceive and corrupt the judicial machinary has been in his favor due to prosumption of regularity and the untrained hand of Plaintiff in law procedures and litigating. Whereas, the Government having access and full disclosure of the records showing the State of Utah confirmed who own the Ford Explorer and the money being in its spare tire prove willful and intentional on the government to deceivi the court and corrupt the judicial machinary. Therefore, for the "ENDS OF JUSTICE" Plaintiff ask for the Court to point counsel for further judicial proceedings, being it would be a "GRAVE MISCARRIAGE OF JUSTICE" not to grant a hearing on all issues, ordering defendants to respond.

## CONCLUSION

Plaintiff pray this Honorable Court acknowledge the "Miscarriage of Justice" and give relief and justice where it so require, Granting Plaintiff with counsel and a hearing for the "ENDS OF JUSTICE.:

Respectfrlly Submitted

*Virgil Hall*
Virgil Hall #17730-081
MCFP Springfield
P.O. Box 4000
Springfield, MO 65801

**CERTIFICATE OF SERVICE/ PROOF OF SERVICE**

I, __Virgil Hall__, the undersigned hereby certify that a true and correct copy of that foregoing motion: __Title 5 U.S.C. 552a FOIA claim__

_____ was placed in the Prison mail box at the United States Medical Center for Federal prisoners Springfield, for delivery by United States Mail, First Class postage, pre-paid, on this, __7__ day of __September__, 20__21__, and properly addressed to the following:

Unite States District Court

Clerk of Court

111 S. 10th Street

St. Louis, MO 63102

I hereby certify under the penalty of perjury the foregoing is true and Correct under 28 U.S.C. §1746.

Date: __09 / 07 / 2021__.

Signed, *Virgil Hall*

Name: Virgil Hall
Reg. No. 17730-081
Federal Medical Center for Prisoners
P.O. Box 4000
Springfield, Missouri 658011