UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| VIRGIL HALL,<br><br>    Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA, et al.,<br><br>    Defendants. | **MEMORANDUM DECISION AND ORDER DENYING WITHOUT PREJUDICE MOTION FOR APPOINTMENT OF COUNSEL (DOC. NO. 12)**<br><br>Case No. 2:22-cv-00182<br><br>District Judge Howard C. Nielson, Jr.<br><br>Magistrate Judge Daphne A. Oberg |

Pro se plaintiff Virgil Hall, proceeding *in forma pauperis*, filed this action against the United States of America, the State of Utah, Washington County Corrections Facility, Davis County Jail, Iron County Jail, and the Department of Justice.[1] Mr. Hall now moves for appointment of counsel.[2] Because Mr. Hall does not provide a reason for his request, and it is not apparent, at this stage, that his claims have sufficient merit to warrant appointment of counsel, the motion is denied without prejudice.

---

[1] (*See* Am. Compl., Doc. No. 5.)

[2] (Mot. for Appointment of Counsel, Doc. No. 12.) While Mr. Hall's motion seeks clarification as to why Judge Kimball recused himself from his case, the only request for relief that can be ascertained from the motion is Mr. Hall's request for counsel. Accordingly, that is the issue addressed in this order.

1

While defendants in criminal cases have a constitutional right to representation by an attorney,[3] "[t]here is no constitutional right to appointed counsel in a civil case."[4] Appointment of counsel in civil cases is left to the court's discretion.[5] Indigent parties in civil cases may apply for the appointment of counsel under 28 U.S.C. § 1915(e)(1), which allows a court to "request an attorney to represent any person unable to afford counsel." The applicant has the burden to convince the court his/her/their claim has enough merit to warrant appointment of counsel.[6] When deciding whether to appoint counsel, the court considers a variety of factors, including "the merits of the litigant's claims, the nature of the factual issues raised in the claims, the litigant's ability to present [the] claims, and the complexity of the legal issues raised by the claims."[7]

Mr. Hall requests appointment of counsel but states no reason for the request, other than noting he is a "pro se litigant."[8] As outlined above, this is insufficient to warrant appointment of counsel in a civil case. Further, it is not apparent, at this stage, that Mr. Hall's claims have sufficient merit to warrant appointment of counsel considering his amended complaint[9] is pending review pursuant to 28 U.S.C. § 1915.

---

[3] *See* U.S. Const. amend. VI; Fed. R. Crim. P. 44.

[4] *Durre v. Dempsey*, 869 F.2d 543, 547 (10th Cir. 1989).

[5] *Shabazz v. Askins*, 14 F.3d 533, 535 (10th Cir. 1994).

[6] *McCarthy v. Weinberg*, 753 F.2d 836, 838 (10th Cir. 1985).

[7] *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995) (internal quotation marks omitted).

[8] (*See* Mot. for Appointment of Counsel, Doc. No. 12.)

[9] (Doc. No. 5.)

For these reasons, Mr. Hall's motion for appointment of counsel[10] is denied without prejudice.

DATED this 12th day of December, 2022.

BY THE COURT:

*Daphne A. Oberg*
Daphne A. Oberg
United States Magistrate Judge

---

[10] (Doc. No. 12.)