UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| VIRGIL HALL,<br><br>        Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA, et al,<br><br>        Defendants. | **REPORT AND RECOMMENDATION TO DISMISS ACTION PURSUANT TO 28 U.S.C. § 1915**<br><br>Case No. 2:22-cv-00182<br><br>District Judge Howard C. Nielson., Jr.<br><br>Magistrate Judge Daphne A. Oberg |

Pro se plaintiff Virgil Hall, proceeding *in forma pauperis*, filed this action against various governmental and correctional entities in the United States District Court for the Eastern District of Missouri.[1]  After screening Mr. Hall's complaint under 28 U.S.C. § 1915(e)(2)(B) and identifying deficiencies, a district judge from the Eastern District of Missouri ordered Mr. Hall to file an amended complaint.[2]  Mr. Hall did so.[3]  Upon review under 28 U.S.C. § 1915(e)(2)(B), it is evident Mr. Hall's amended complaint fails to state a plausible claim for relief and further opportunities to amend would be futile.  Accordingly, the undersigned[4] recommends the district judge dismiss this action pursuant to 28 U.S.C. § 1915(e)(2)(B).

---

[1] (*See* Compl., Doc. No. 1.)

[2] (*See* Mem. and Order, Doc. No. 4.)

[3] (*See* Am. Compl., Doc. No. 5.)

[4] On December 8, 2022, this case was referred to the undersigned magistrate judge under 28 U.S.C. § 636(b)(1)(B).  (*See* Doc. No. 13.)

BACKGROUND

On November 3, 2010, Mr. Hall was pulled over and arrested in Cedar City, Utah when drugs were found in the spare tire of the vehicle he was traveling in.[5]  All state court charges against Mr. Hall were dismissed due to the filing of federal charges.[6]  On June 9, 2011, Mr. Hall was convicted in federal court by a jury on a single count of possession with intent to distribute cocaine.[7]  The United States Court of Appeals for the Tenth Circuit affirmed Mr. Hall's conviction on January 25, 2013.[8]  The Supreme Court denied his petition for writ of certiorari on June 17, 2013.[9]  Since then, Mr. Hall has made various attempts to appeal his conviction, all of which have been denied.[10]

This action reflects Mr. Hall's latest attempt at relief.  Mr. Hall filed the instant action on September 20, 2021, in the Eastern District of Missouri, asserting claims against the United States of America, the State of Utah, Washington County Purgatory Correctional Facility, Davis

---

[5] (*See* Am. Compl. 3, Doc. No. 5.)

[6] (*See* Docket Entry (Dec. 8, 2010), *State of Utah v. Virgil Hall*, No. 101500673 (Fifth District Court—Iron County, State of Utah) (indicating the "Court orders this case dismissed based on federal charges").)  The court takes judicial notice of the records associated with Mr. Hall's prior actions.  *Powell v. Rios*, 241 F. App'x 500, 501 n.1 (10th Cir. 2007) (unpublished) (taking "judicial notice of the public documents" filed in a prior civil case); *see also United States v. Ahidley*, 486 F.3d 1184, 1192 n.5 (10th Cir. 2007) (noting "discretion to take judicial notice of publicly-filed records in our court and certain other courts concerning matters that bear directly upon the disposition of the case at hand").

[7] (*See* Jury Verdict (Dec. 15, 2010), Doc. No. 92, *United States v. Hall*, No. 2:10-cr-1109-TS, (D. Utah).)

[8] *United States v. Hall*, 508 F. App'x 776 (10th Cir. 2013) (unpublished).

[9] *Hall v. United States*, 570 U.S. 911 (2013).

[10] (*See* Mem. and Order 2–4, Doc. No. 4 (detailing Mr. Hall's appeal efforts).)

County Jail, Iron County Jail, and the Department of Justice—under the Freedom of Information Act (FOIA)[11] and Privacy Act[12].[13]  After the court identified deficiencies in Mr. Hall's complaint under 28 U.S.C. § 1915(e)(2)(B), Mr. Hall was ordered to file an amended complaint.[14]  Mr. Hall filed an amended complaint on March 3, 2022.[15]  A few weeks later, his case was transferred to the District of Utah.[16]

Mr. Hall submitted his amended complaint on a court form for prisoner civil rights complaints brought pursuant to 42 U.S.C. § 1983.[17]  Mr. Hall's amended complaint contains no Privacy Act claims and makes only vague references to FOIA.[18]  The caption of the amended complaint names the United States of America, the State of Utah, Washington County

---

[11] 5 U.S.C. § 552.

[12] 5 U.S.C. § 552a.

[13] (*See* Compl., Doc. No. 1.)

[14] (*See* Mem. and Order, Doc. No. 4.)

[15] (Doc. No. 5.)

[16] (*See* Mem. and Order Transferring Case, Doc. No. 6; Docket Entry, Doc. No. 7.)

[17] (Am. Compl., Doc. No. 5.)

[18] Because an amended complaint completely replaces all prior versions of the complaint, claims which are not realleged in an amended complaint are deemed abandoned.  *See Pierce v. Williams*, No. CIV 20-284-RAW-SPS, 2020 U.S. Dist. LEXIS 185074, at *6 (E.D. Okla. Oct. 6, 2020) (unpublished) ("An amended complaint completely replaces the original complaint and renders the original complaint of no legal effect." (citing *Miller v. Glanz*, 948 F.2d 1562, 1565 (10th Cir. 1991))).  Where Mr. Hall was so advised (*see* Mem. and Order, Doc. No. 4.), and where the amended complaint does not assert any Privacy Act claims, any prior claims under the Privacy Act are abandoned and warrant no further discussion.  However, where the amended complaint references FOIA, the court considers the sufficiency of any possible FOIA claims. (*See* Am. Compl. 3b, Doc. No. 5.)

Correctional Facility, Davis County Jail, Iron County Jail, and the Department of Justice as defendants.[19]  However, when directed to list all defendants in the body of the form complaint, Mr. Hall lists only Paul Kohler, C. Aldred, K. Larson, Davis County Jail, and Iron County Jail.[20]  Mr. Hall seeks a new trial, $10,000 for every day he was allegedly wrongfully incarcerated, and $50,000,000 in punitive damages.[21]

## LEGAL STANDARDS

Whenever a court authorizes a party to proceed *in forma pauperis*, the court must dismiss the case if it determines the complaint "fails to state a claim on which relief may be granted."[22]  In determining whether a complaint fails to state a claim for relief under section 1915, the court employs the standard for analyzing a motion to dismiss for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure.[23]  To avoid dismissal under Rule 12(b)(6), a complaint must allege "enough facts to state a claim to relief that is plausible on its face."[24]  The court accepts well-pleaded factual allegations as true and views the allegations in the light most favorable to the plaintiff, drawing all reasonable inferences in the plaintiff's favor.[25]  But the

---

[19] (Am. Compl. 1, Doc. No. 5.)

[20] (*Id.* at 2–3a.)

[21] (*Id.* at 5.)

[22] 28 U.S.C. § 1915(e)(2)(B)(ii).

[23] *Kay v. Bemis*, 500 F.3d 1214, 1217 (10th Cir. 2007).

[24] *Hogan v. Winder*, 762 F.3d 1096, 1104 (10th Cir. 2014) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 547 (2007)).

[25] *Wilson v. Montano*, 715 F.3d 847, 852 (10th Cir. 2013).

court need not accept the plaintiff's conclusory allegations as true.[26]  "[A] plaintiff must offer specific factual allegations to support each claim."[27]

Because Mr. Hall proceeds pro se, his filings are liberally construed and held "to a less stringent standard than formal pleadings drafted by lawyers."[28]  Still, pro se plaintiffs must "follow the same rules of procedure that govern other litigants."[29]  For instance, a pro se plaintiff "still has the burden of alleging sufficient facts on which a recognized legal claim could be based."[30]  While the court must make some allowances for a pro se plaintiff's "failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements,"[31] the court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf."[32]

---

[26] *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

[27] *Kan. Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1214 (10th Cir. 2011).

[28] *Hall*, 935 F.2d at 1110.

[29] *Garrett v. Selby, Connor, Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

[30] *Jenkins v. Currier*, 514 F.3d 1030, 1032 (10th Cir. 2008) (internal quotation marks omitted).

[31] *Hall*, 935 F.2d at 1110.

[32] *Smith v. United States*, 561 F.3d 1090, 1096 (10th Cir. 2009) (internal quotation marks omitted).

<u>ANALYSIS</u>

Mr. Hall's amended complaint indicates he is attempting to bring a section 1983 claim against various defendants.[33]  Mr. Hall alleges he was "illegally held," "never had a[n] arraignment," was subject to "malicious prosecution resulting in wrongful incarceration, mental stress, constitutional violation [of the] 4th Amendment[,] 5th Amendment[,] and 6th Amendment, time away from family and friends, a divorce of marriage and illegal seizure of [his] body and property," all as a result of his November 3, 2010 arrest and subsequent proceedings against him.[34]

To state a claim under 42 U.S.C. § 1983, "a plaintiff must allege (1) deprivation of a federal right by (2) a person acting under color of state law."[35]  The plaintiff must "identify specific actions taken by particular defendants" in violation of his rights.[36]  The sufficiency of Mr. Hall's section 1983 claims with respect to each defendant are discussed below.

1. <u>The United States of America, the State of Utah, Washington County Correctional Facility, and the Department of Justice</u>

To the extent Mr. Hall's amended complaint seeks to state a section 1983 claim against the United States of America, the State of Utah, Washington County Correctional Facility, or the Department of Justice, he fails to state a plausible claim.  Mr. Hall does nothing beyond name the United States, the State of Utah, and Washington County Correctional Facility as defendants.  He

---

[33] (Am. Compl. 1, Doc. No. 5.)

[34] (*Id.* at 3–4.)

[35] *Watson v. Kan. City*, 857 F.2d 690, 694 (10th Cir. 1988).

[36] *Pahls v. Thomas*, 718 F.3d 1210, 1226 (10th Cir. 2013) (emphasis omitted) (internal quotation marks omitted).

fails to identify any specific actions taken by these defendants; he offers no factual allegations against them at all.  Accordingly, Mr. Hall fails to state a cognizable section 1983 against any of these defendants.

As for the Department of Justice, Mr. Hall asserts the Department of Justice Executive Office for the United States Attorneys claims "they have no records after the Freedom of Information Act to show how [he] was convicted."[37]  This constitutes the entirety of allegations made against the Department of Justice.  Where Mr. Hall fails to identify specific actions taken by the Department of Justice in violation of his rights, this is insufficient to support a section 1983 claim.  To the extent Mr. Hall attempts to assert the Department of Justice has committed a FOIA violation, his allegation is deficient because it amounts to nothing more than a vague, passing reference to FOIA.  "Federal jurisdiction under FOIA is dependent upon a showing that an agency has (1) improperly (2) withheld (3) agency [records]."[38]  Mr. Hall provides no specific factual allegations as to how the Department of Justice has improperly withheld records in violation of FOIA.[39]  Accordingly, Mr. Hall fails to state a cognizable FOIA claim against the Department of Justice.

---

[37] (Am. Compl. 3b, Doc. No. 5.)

[38] *See Southwest Envtl. Ctr. v. Sessions*, 355 F. Supp. 3d 1121, 1135 (D.N.M. 2018) (internal quotation marks omitted) (citing *Kissinger v. Reporters Comm. for Freedom of the Press*, 445 U.S. 136, 137–38 (1980)).

[39] *See Kan. Penn Gaming, LLC*, 656 F.3d at 1214 ("[A] plaintiff must offer specific factual allegations to support each claim.").

2.  Defendant Paul Kohler

Mr. Hall alleges "U.S. Attorney Paul Kohler fraudulently misrepresented [Mr. Hall] was indicted by a grand jury and falsified the evidence (drugs) [during] trial."[40]  Mr. Hall contends this "[m]ade [him] suffer wrongful incarceration, mental stress, los[s] of time with family and friends d[ue] to malicious prosecution."[41]  In his amended complaint, Mr. Hall indicates he is suing Mr. Kohler in his individual capacity, but then refers to Mr. Kohler only in his official capacity as an Assistant United States Attorney.[42]  First, as an Assistant United States Attorney, Mr. Kohler was a federal official and, therefore, did not act under color of state law, which bars any section 1983 claim brought against him.[43]  Additionally, Mr. Hall does not allege Mr. Kohler, in his individual capacity, was a state actor or "jointly engaged with state officials in the conduct allegedly violating the federal right," as required to state a section 1983 claim against private parties.[44]  Accordingly, Mr. Hall has failed to state a cognizable section 1983 claim

---

[40] (Am. Compl. 4, Doc. No. 5.)

[41] (*Id.*)

[42] (*See id.* at 2.)

[43] *See D.C. v. Carter*, 409 U.S. 418, 424–25 (1973) (superseded by statute on other grounds) (indicating section 1983 "does not reach purely private conduct" and "actions of the Federal Government and its officers are at least facially exempt from its proscriptions"); *Williams v. Rogers*, 449 F.2d 513, 517 (8th Cir. 1971) (providing that section 1983 does not support "federal jurisdiction over a claim for damages against federal officers acting under color of their authority"); *see also Bierly v. Hirata*, No. 2:08-cv-948, 2009 U.S. Dist. LEXIS 82474, at *22 (D. Utah July 20, 2009) (unpublished) (recommending dismissal of claims against an Assistant United States Attorney, who "did not act under color of state law, thus barring any claim under section 1983"), *adopted by* 2009 U.S. Dist. LEXIS 81404 (D. Utah, Sept. 4, 2009) (unpublished).

[44] *Janny v. Gamez*, 8 F.4th 883, 919 (10th Cir. 2021).

8

against Mr. Kohler.  Further, Mr. Hall complains of acts constituting "prosecutorial activity"[45]

by Mr. Kohler.[46]  These acts can "fairly be characterized as closely associated with the conduct

of litigation,"[47] making Mr. Kohler is immune from suit for such conduct.[48]

      3.  <u>Defendant C. Aldred</u>

      To the extent Mr. Hall raises a section 1983 claim against Mr. Aldred, his amended

complaint is deficient.  The amended complaint states, "[a]nother probable cause warrantless

arrest [was] filed 09/07/2011 after Plaintiff allegedly had trial by C. Aldred of the Washington

County Corrections."[49]  This is the only reference to Mr. Aldred throughout the entire amended

complaint.  This single factual allegation fails to identify specific actions taken Mr. Aldred which

violated Mr. Hall's rights and fails to provide Mr. Aldred notice regarding the nature of the

claims asserted against him.  Accordingly, Mr. Hall fails to state a cognizable section 1983 claim

against Mr. Aldred.

---

[45] *Schwartz v. United States DOJ*, No. 95-6405, 1996 U.S. App. LEXIS 11573, at *5 (2d Cir. May 21, 1996) (unpublished) ("[W]hile federal officials may be sued in their individual capacities, prosecutors are absolutely immune from damages suits concerning prosecutorial activity.").

[46] (*See* Am. Compl. 4, Doc. No. 5.)

[47] *Ullah v. New York City Dep't of Educ.*, 11 Civ. 3868 (GBD) (MHD), 2012 U.S. Dist. LEXIS 141825, at *3–4 (S.D.N.Y. Sept. 27, 2012) (unpublished) ("Government attorneys are absolutely immune from suit and from liability for all of their activities that can fairly be characterized as closely associated with the conduct of litigation, even when defending civil suits." (internal quotation marks omitted)).

[48] *See Schwartz*, 1996 U.S. App. LEXIS 11573, at *5; *Ullah*, 2012 U.S. Dist. LEXIS 141825, at *3–4.

[49] (Am. Compl. 4, Doc. No. 5.)

4.  Defendant K. Larson

Mr. Hall alleges he was "illegally held," "never had a[n] arraignment," was subject to "malicious prosecution resulting in wrongful incarceration, mental stress, constitutional violation [of the] 4th Amendment[,] 5th Amendment[,] and 6th Amendment . . . and illegal seizure of [his] body and property."[50]  He makes these allegations generally, tying them to no defendant in particular.  However, with this as a backdrop, Mr. Hall goes on to allege "K. Larson at Washington County Jail under oath [] stat[ed] there existed probable cause after the state ha[d] dropped all charges then ask[ed] for continued detention . . . to have Plaintiff unlawfully held [which] resulted in my prosecution."[51]  Mr. Hall also alleges Mr. Larson is employed by the Washington City Fire Division, a state entity.[52]

To the extent Mr. Hall attempts to assert a section 1983 malicious prosecution claim under the Fourth Amendment,[53] his amended complaint fails.  A malicious prosecution claim includes five elements: "(1) the defendant caused the plaintiff's continued confinement or prosecution; (2) the original action terminated in favor of the plaintiff; (3) no probable cause supported the arrest, confinement, or prosecution; (4) the defendant acted maliciously; and (5) the plaintiff sustained damages."[54]

---

[50] (*Id.* at 3–4.)

[51] (*Id.* at 3b.)

[52] (*Id.* at 3a.)

[53] *See Sanchez v. Hartley*, 810 F.3d 750, 754 n.1 (10th Cir. 2016).

[54] *Shrum v. Cooke*, 60 F.4th 1304, 1310 (10th Cir. 2023).

The original federal action against Mr. Hall ended with his conviction.[55]  Mr. Hall has failed to allege there was no probable cause supporting his arrest confinement, or prosecution.[56]  And Mr. Hall has failed to allege facts indicating Mr. Larson acted with malice.  Accordingly, he has not alleged facts supporting the elements of a section 1983 malicious prosecution claim.

Mr. Hall also claims "the State of Utah conspir[ed] with the government by and through Davis County Jail filing probable cause warrantless arrest by K. Larson of Washington City Fire Division on 12/20/2010 to 06/07/2011."[57]  To the extent Mr. Hall attempts to assert a section 1983 conspiracy claim against Mr. Larson, his attempt fails.  Section 1985 prohibits certain conspiracies interfering with civil rights.[58]  To state a valid claim for conspiracy, "a plaintiff must allege specific facts showing an agreement and concerted action amongst the defendants."[59]  Beyond this single conclusory statement, Mr. Hall offers no specific facts demonstrating the existence of a conspiracy.  Accordingly, Mr. Hall has failed to allege facts sufficient to state a cognizable conspiracy claim.

---

[55] (*See* Jury Verdict (Dec. 15, 2010), Doc. No. 92, *United States v. Hall*, No. 2:10-cr-1109-TS, (D. Utah).)

[56] Throughout the amended complaint Mr. Hall refers to his "probable cause warrantless arrest." (*See generally* Am. Compl., Doc. No. 5.)  Without more, this seems to indicate that while Mr. Hall's arrest was made without a warrant, it was based on probable cause.

[57] (*Id.* at 4.)

[58] 42 U.S.C. § 1985.

[59] *Tonkovich v. Kan. Bd. of Regents*, 159 F.3d 504, 533 (10th Cir. 1998) (discussing conspiracy under § 1983).

5.  Davis County Jail and Iron County Jail

Mr. Hall alleges Davis County Jail "illegally held plaintiff not able to show any charges and refuse[d] to honor the Information Act which resulted in conspiracy with the government."[60] Similarly, Mr. Hall alleges Iron County Jail "illegally held plaintiff not able to show any charges and refuse[d] to honor the Freedom of Information Act about holding plaintiff from Dec. 8, 2010 to Dec. 20, 2010."[61]   These statements constitute the full extent of allegations made against Davis County Jail and Iron County Jail.  With respect to any section 1983 claim, beyond these conclusory statements, Mr. Hall has failed to identify any specific actions taken by these defendants which violated his rights.  Additionally, to the extent this is an attempt to state a section 1983 malicious prosecution claim, it fails for the reasons stated above.

To the extent Mr. Hall is alleging Davis County Jail and Iron County Jail violated FOIA, his claims fall flat because FOIA applies only to federal, not state, agencies.[62]

To the extent Mr. Hall attempts to assert a conspiracy claim against Davis County Jail, he fails to state a plausible claim.  Other than the single conclusory statement outlined above, Mr.

---

[60] (Am. Compl. 3b, Doc. No. 5.)

[61] (*Id.*)

[62] *See Benton v. Town of S. Fork*, No. 12-cv-00336-CMA-KMT, 2013 U.S. Dist. LEXIS 45512, at *38–39 (D. Colo. Feb. 12, 2013) (unpublished) ("[T]he Freedom of Information Act, 5 U.S.C. § 552 *et seq.*, is inapplicable [] because it applies to federal, rather than state, agencies."); *see also Grand Cent. P'ship, Inc. v. Cuomo*, 166 F.3d 473, 484 (2d Cir. 1999) ("[I]t is beyond question that [the Freedom of Information Act] applies only to federal and not to state agencies" (second alteration in original)); *Philip Morris Inc. v. Harshbarger*, 122 F.3d 58, 83 (1st Cir. 1997) ("The [Freedom of Information Act], however, by its own terms, applies only to federal executive branch agencies." (alteration in original)).

Hall offers no specific facts demonstrating the existence of a conspiracy.  Accordingly, Mr. Hall has failed to state a cognizable conspiracy claim.

Because Mr. Hall's amended complaint fails to state a plausible claim for relief against any defendant, it is subject to dismissal.[63]  "Dismissal of a pro se complaint for failure to state a claim is proper only where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend."[64]  The court previously identified deficiencies in Mr. Hall's complaint and ordered him to amend his complaint to correct them.[65]  Where the amended complaint still fails to state a cognizable claim, further opportunities to amend would be futile and dismissal is appropriate.

<u>RECOMMENDATION</u>

Where Mr. Hall's amended complaint fails to state a plausible claim for relief against any of the defendants, and where he was already granted an opportunity to amend, further opportunities to amend would be futile.  Accordingly, the undersigned RECOMMENDS the district judge dismiss this action pursuant to 28 U.S.C. § 1915(e)(2)(B).  The court will send this Report and Recommendation to Mr. Hall, who is notified of his right to object to it.  Any

---

[63] *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

[64] *Kay*, 500 F.3d at 1217 (internal quotation marks omitted).

[65] (*See* Mem. and Order, Doc. No. 4.)

objection must be filed within fourteen days of service.[66]  Failure to object may constitute waiver of objections upon subsequent review.

DATED this 12th day of April, 2023.

BY THE COURT:

_Daphne A. Oberg_
Daphne A. Oberg
United States Magistrate Judge

---

[66] *See* 28 U.S.C. § 636(b)(1); Fed R. Civ. P. 72(b).